## A. J. Arrington v. The State.

No. 10873. Delivered April 27, 1927.

Rehearing granted June 1, 1927.

**1.—Swindling—Evidence—Held Sufficient.**

Where on a trial for swindling, under Art. 1546, subd. 4, there being no bills of exception in the record, and no brief filed for appellant, and no errors perceived, the cause is affirmed.

ON REHEARING.

**2.—Same—Evidence—Held Insufficient.**

Where appellant gave prosecuting witness a check for $6.95 on a bank in which he afterwards learned he had no funds, and before any prosecution began, or the check had been presented for payment, went to the payee of the check and informed him of the above fact, and agreed to pay back the amount of the check, which he did before this complaint was filed, the intent to defraud is not sufficiently established to justify the conviction, and his motion for rehearing is granted and the judgment reversed and remanded. See Art. 1345, subd. 4, P. C. 1925.

Appeal from the County Court of Ellis County. Tried below before the Hon. H. R. Stovall, Judge.

Appeal from a conviction for swindling, penalty a fine of $5.00.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—The offense is swindling by giving a check with intent to defraud, as denounced by Art. 1546, subd. 4, P. C. 1925, punishment fixed at a fine of five dollars.

The evidence is sufficient to support the verdict. No complaint of the procedure is made by way of bills of exceptions. We have been furnished with no brief pointing out any reason for a reversal of the judgment, and we have perceived none.

The judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, Judge.—Appellant insists that under the undisputed evidence this conviction should not be permitted to stand. In his motion for rehearing he analyzes the testimony and calls attention to dates and circumstances which escaped us on our

former consideration of the case, there being no brief for appellant in the record at that time.

The trial was had before the County Judge without the aid of a jury. Appellant offered no evidence, apparently relying upon his contention that the state had failed to make out a case. The facts are as follows: J. A. Fox was in the mercantile business. His son J. S. Fox was a clerk in the store. On Friday night, December 24, appellant bought from J. G. Fox $1.95 worth of merchandise, giving a check on the First State Bank & Trust Company for $6.95, receiving therefor the merchandise and $5 in money. Later on the same night young Fox met the assistant cashier of the bank and learned from him that appellant had no funds in the bank, his account there having been closed on December 18. J. A. Fox was apprised of the transaction by his son on Saturday, December 25, and the check turned over to him, and on this date he filed a complaint against appellant before the County Attorney. For some reason not appearing from the record no information was ever filed on that complaint. On Sunday night appellant went to the home of J. A. Fox taking with him a statement from the bank and presumably his returned checks. He told Fox he had no funds in the bank and the statement verified this information. He further told Fox he wanted to fix the matter of the check up and at Fox's suggestion appellant met him at the store at 7:30 o'clock on Monday morning. He then paid Fox $3 and promised to pay the balance of $3.95 during the week, which he did. If appellant had been arrested at that time, or had any information that complaint had been made against him, or that Fox had information that appellant had no funds in the bank, or that any inquiry was on foot regarding the check he had given on Friday night, the record is entirely silent regarding it. In the absence of proof to the contrary the presumption in appellant's favor would be that his visit to Fox was voluntary and for the purpose of making arrangements to protect the check. On January 5, at the request of the County Attorney, J. A. Fox signed and swore to another complaint based upon the check in question, and on that date the complaint and information upon which the trial proceeded were filed. At the time the last complaint was made the entire amount of $6.95 called for by the check had been paid by appellant to Fox.

The statute upon which this prosecution is based (Art. 1545, Subdivision 4, P. C.) reads as follows:

"The obtaining by any person of any money or other thing of value with intent to defraud by the giving or drawing of any

check, draft or order upon any bank, person, firm or corporation with which or with whom such person giving or drawing said check, draft or order has not at the time of the giving or drawing said check, draft or order, or at the time when in the ordinary course of business such check, draft or order would be presented to the drawee for payment, sufficient funds to pay same, and no good reason to believe that such check, draft or order will be paid * * *."

Appellant's contention is that under the facts the state has failed to make out a case under the statute. The check was given on the night of the 24th of December. The 25th was a legal holiday and the 26th was Sunday. The earliest possible moment that the check could have been presented to the bank for payment was at the beginning of banking hours on Monday, the 27th day of December. The facts show that appellant knew when he drew the check that he had no funds in the bank and that his account there had been closed, but conceding this to be true, we believe under the statute if appellant had appeared at the bank on Monday morning and tendered a deposit to protect the check when it might be presented the state would have had no case. Instead of doing this, appellant of his own accord, without knowledge of any investigation of threatened prosecution, so far as this record shows, went on Sunday night to the man in whose favor the check was drawn, repaid him part of the money, promised the payment of the remainder and redeemed his promise.

We would not be understood as holding that under a state of facts very similar to the ones here stated that the intent to defraud would not be inferable. Especially would this be true if appellant's subsequent act in redeeming the check was the result of pressure from known prosecution commenced or threatened, but it is our opinion that under the facts appearing in the record the present conviction cannot be sustained and that we were in error in affirming the judgment.

The motion for rehearing is granted, the affirmance set aside and the judgment of the lower court is now reversed and the cause remanded.

*Reversed and remanded.*